# Third District Court of Appeal
## State of Florida

Opinion filed July 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2036
Lower Tribunal No. 19-64-K
_____


**H.J., the mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.


An appeal from the Circuit Court of Monroe County, Bonnie J. Helms, Judge.

Ana Gomez-Mallada (Fort Lauderdale), for appellant.

Karla Perkins, for appellee Department of Children & Families; Sara Elizabeth Goldfarb, and Amanda Victoria Glass (Tallahassee), for appellee Guardian ad Litem.


Before MILLER, GORDO, and BOKOR, JJ.

MILLER, J.

Appellant, H.J., the mother, challenges an order terminating her parental rights to L.H., her nine-year-old child, at the behest of appellee, the Department of Children and Family Services. As the incidents of violence and mental abuse chronicled in the record amply support the conclusion the mother had "the opportunity and capability to prevent and knowingly failed to prevent egregious conduct that threaten[ed] the life, safety, or physical, mental, or emotional health of the . . . child's sibling" and the termination was in the best interest of the child, we affirm and write only to commend the trial judge on her lucid, carefully crafted order and dispassionate handling of this troubling case. § 39.806(1)(f), Fla. Stat. (2022); see also § 39.806(2), Fla. Stat. ("Reasonable efforts to preserve and reunify families are not required if a court of competent jurisdiction has determined that any of the events described in [paragraph (1)(f)] have occurred."); S.M.O. v. Dep't of Child. & Fams., 357 So. 3d 773, 778 (Fla. 3d DCA 2023) ("Section 39.806(1)(f) permits termination of parental rights to siblings, even if there is no nexus between the egregious conduct and the potential harm to the siblings . . . ."); Dep't of Child. & Fams. v. S.S.L., 352 So. 3d 521, 528 (Fla. 5th DCA 2022) (reversing and remanding with instructions to terminate parents' parental rights as to both children even though only one sibling had signs of abuse);

2

E.A. v. Dep't of Child. & Fams., 332 So. 3d 493, 499 (Fla. 4th DCA 2021) (upholding constitutionality of section 39.806(1)(f)).

Affirmed.